## MATTER OF GUTIERREZ

### In Section 248 Proceedings

### A–11877443

*Decided by Regional Commissioner August 3, 1976*

(1) Operations instruction 214.2(h)(1) provides that "the fact that an applicant for an H–1 visa may be registered for immigration or may file an application for a labor certification is not, of itself, sufficient to sustain a finding that he does not have a residence abroad". This operations instruction pertains only to those cases in which the applicant has established that he is a bona fide nonimmigrant and in which registration for immigration or application for labor certification has been accomplished in the absence of further indications of intent.

(2) Applicant herein had obtained a visa preference and labor certification. However, there was an indication in his record that he was in fact an intending immigrant in that he failed to establish that he intended to return to his foreign residence abroad. Under these circumstances OI 214.2(h)(1) was not applicable, and application filed under section 248 of the Immigration and Nationality Act to change nonimmigrant status from that of student to that of temporary worker as defined by section 101(a)(15)(H)(i) of the Act was denied.

ON BEHALF OF APPLICANT:  Edwin R. Rubin, Esquire
Wasserman, Orlow, Kaye & Rubin
636 Public Ledger Building
Sixth and Chestnut Street
Philadelphia, Pennsylvania 19106

This matter is before the regional commissioner on appeal from the denial of a request to change nonimmigrant status from student to temporary worker (H–1). The application was denied by the district director on the grounds that the applicant is really an intending immigrant, and that applicant was not maintaining his nonimmigrant student status at the time of filing.

The untimely filing has been explained, and the application will be considered as having been timely filed. The issue raised on appeal, therefore, is whether the applicant can qualify as a nonimmigrant. After careful examination of this record, we hold he cannot.

The applicant in this case is a twenty-eight year old citizen of Venezuela who originally entered this country as an elementary school student. He was a lawful permanent resident of the United States in the early 1960's, and has received his education here since the age of ten, with an interim leave of absence from the University of Pennsylvania for practical training. Subsequent to his graduation in 1972, he was

allowed eighteen additional months practical training on his nonimmigrant student visa. He last entered the United States as a student on December 31, 1973, with an authorized stay until May 30, 1974. Sometimes during this period he obtained an immigrant visa preference and labor certification. On June 19, 1974, the applicant submitted his papers for classification as a nonimmigrant temporary worker. His H–1 classification was eventually issued in May, 1975, valid until July 31, 1975. However, the requested change of status was denied by the district director on June 30, 1975. Although the denial was vacated by the regional commissioner in September, the district director then reviewed the case and denied it again on other grounds November 18, 1975. It is the appeal from the denial which comes before us now.

The attorney bases his primary argument on operating instruction 214.2(h)(1), which states in pertinent part:

"The Department of State and the Service have agreed that the fact that an applicant for an H–1 visa may be registered for immigration or may file an application for labor certification is not, of itself, sufficient to sustain a finding that he does not have a residence abroad."

A comparison between this instruction and the language of section 101(a)(15)(H) of the Immigration and Nationality Act reveals that the phrase of the instruction quoted is only half of the requirement. The language used is "a residence in a foreign country *which he has no intention of abandoning.*" The concession in OI 214.2(h)(1) is designed to enable aliens to come as temporary workers in either of these cases: (a) if the record demonstrates that the alien is a bona fide nonimmigrant entering the United States temporarily, or (b) the record is silent on this point except for the possession of visa preference or a labor certificate. The record in this case does not fall in either category.

Applicant in this case is a former permanent resident alien of the United States, citizen of Venezuela, who has been educated in the United States and has been working steadily in this country since he graduated from the University of Pennsylvania. He has not indicated an intent to return to Venezuela, and in fact, although members of his family are still in Venezuela, applicant over the last eighteen years has been linked more closely to the United States than to his own country. The finding that applicant is an intending immigrant is not solely based upon his petition for an immigration visa, and is, therefore, valid.

Additionally, the request for the change of status is for the period ending June 30, 1976. Accordingly, the purpose for the request has been accomplished. Since the applicant is not a bona fide nonimmigrant, and since his purpose in any event has been accomplished, this appeal will be dismissed.

*It is ordered* that the appeal be and same is hereby dismissed.